### DALY v. MINKE.

(Supreme Court, Appellate Term. January 25, 1904.)

1. **APPEAL—AMENDMENT OF RECORD—AFFIDAVITS.**

   Where appellant sought below to amend the return of a justice so as to show his demand for a bill of particulars, presenting therefor affidavits of persons that they heard the demand made and that the court refused the amendment, his proper remedy was by motion on notice for an amended return; and submitting the affidavits to the Supreme Court with his brief is a reprehensible practice.

2. **CONTINUANCE—ABSENCE OF PARTY—NECESSARY WITNESS.**

   Where, on the application for a continuance on account of the defendant's absence, it is not shown that he is a material and necessary witness in his own behalf, the continuance is properly refused.

3. **MASTER AND SERVANT—SUIT FOR WAGES—EMPLOYMENT—SUFFICIENCY OF EVIDENCE.**

   Evidence, in a servant's action for wages, *held* to sustain a finding of her employment by defendant, rather than by a corporation claimed to have purchased defendant's business.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Bridget Daly against John Minke. Judgment for plaintiff, and defendant appeals. Affirmed.

¶ 2. See Continuance, vol. 10, Cent. Dig. §§ 41, 67.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

R. R. Billington, for appellant.
F. C. Devlin, for respondent.

FREEDMAN, P. J.    This is one of the numerous causes that cumber the calendars of our courts that is wholly without merit.    The total amount in question is really but the sum of $1.    Not a single legal question is involved or presented by the appellant.

The first point raised by the appellant is that the court erred in refusing to grant the defendant an adjournment.    The summons was returnable August 7, 1903.    The case was then adjourned to August 14, 1903.    On that day the defendant filed a certificate of a physician showing that the defendant was ill and in the Catskills, and that his attendance for "a week or ten days would be prejudicial to his health." Thereupon the case was adjourned to August 21st.    On that day the defendant's attorney made and filed an affidavit setting forth that his client was still absent, but would return the following Tuesday or Wednesday.    He also stated in his affidavit that a bill of particulars of plaintiff's claim had been demanded on the return day of the summons, which plaintiff had failed to file, and that defendant could not go on with the case unless such bill was furnished.    He does not appear to have made any motion to compel the filing of such bill of particulars, and the record shows that no such bill was asked for. It is true that the defendant sought to, as he claims, "correct the return," upon the settlement of the case before the trial justice, by having inserted in the record, as an amendment thereto, a statement to the effect that such a demand was made.    This amendment was refused by the trial judge for reasons stated by him, and defendant hands up with his brief the affidavits of two persons who claim to have been present in court when such demand was made, and which affidavits were submitted to the court below when defendant proposed his amendment aforesaid.    We are asked to consider such affidavits on this appeal.    This practice is reprehensible.    The court cannot determine appeals upon affidavits.    Trust v. Delaplaine, 3 E. D. Smith, 219.    If the appellant claimed the record was incorrect, after the same had been settled, he should have moved upon notice for an amended return, when upon the return of such motion all interested parties could be heard.    Nowhere in defendant's application for adjournment is it made to appear that defendant was a material and necessary witness upon the trial in his own behalf.    The justice did not err in refusing the adjournment.

The pleadings were oral, the plaintiff claiming for wages, and the answer a general denial.    Upon the trial the plaintiff testified, without objection, that she worked for the defendant, who at the time she entered his employment was the owner of several restaurants, known as "Mink's Restaurants."    She swore that she worked for the defendant for eight weeks, that $5 was kept out of her wages the first week, and that there was $5 due her for her last week's wages.    This was not disputed.    Plaintiff's work was done at 1487 Broadway.    The

defendant claims that Mink's restaurants were purchased, a few days after plaintiff began work at 1487 Broadway, by a corporation thereafter known as the Mink Restaurant Company. There is no evidence that plaintiff knew of such sale. She continued her labors under her original employment. It was not shown that after the defendant sold his business the plaintiff was engaged anew by the defendant's successor. The manager of the restaurant was put upon the stand. He did not dispute the claim of the plaintiff that there was $10 due her, and he testified that he offered her $9 on behalf of the Mink Restaurant Company, which she refused, claiming that there was due her the sum of $10. Why the manager offered her $9 instead of $10 does not appear. There was sufficient testimony from which the court could, and did, find that plaintiff was in the employ of the defendant, and there is no dispute as to the amount due her.

When so many attorneys are deploring the law's delay, and trying to find remedies therefor in this district, it is to be regretted that one of the bar should take up the time of the court by the bringing of an appeal so perfectly frivolous as this.

Judgment affirmed, with costs. All concur.